IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL A. BASS,                        )
                                        )
                Plaintiff,              )
                                        )
        v.                              )   No. 06 C 3693
                                        )
THOMAS DART, Sheriff of Cook            )
County, COOK COUNTY, d/b/a              )
Cermak Health Services,                 )
CLARENCE LACY, Correctional             )
Medical Technician (in his              )
individual capacity),                   )
MAURICE NUNALLY, Corrections            )
Officer (Star No. 2521) (in             )
his individual capacity), and           )
OFFICE MAAS (Star No. 7738)             )
(in his individual capacity),           )
                                        )
                Defendants.             )

## MEMORANDUM OPINION AND ORDER

In his attorney-drafted First Amended Complaint, plaintiff Michael Anthony Bass brings claims against the Sheriff of Cook County in his official capacity, the County of Cook, and three employees of the Cook County Department of Corrections. Plaintiff alleges deliberate indifference to the medical needs he had upon being brought to the County Jail and deliberate indifference to his conditions of confinement.

Presently pending is the motion to dismiss of Corrections Officer James Maas. The only count against Maas is Count IV, which is titled: "Defendants'[1] Deliberate Indifference to Their Duty to Provide For Plaintiff's Basic Human Needs."

The Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Estate of Sims v. County of Bureau, ___ F.3d ___, 2007 WL 3036752 *3 (7th Cir. Oct. 19, 2007). Plaintiff need only plead facts sufficient to raise a right to relief above the speculative level, providing fair notice and an appearance of plausibility. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1973-74 & n.14 (2007); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); Sims, 2007 WL 3036752 at *3; St. John's United Church of Christ v. City of Chicago, ___ F.3d ___, 2007 WL 2669403 *7 (7th Cir. Sept. 13, 2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007); Pisciotta v. Old National Bancoro, 499 F.3d 629, 633 (7th Cir. 2007). A complaint should be dismissed if "the factual detail . . . [is] so sketchy that the complaint does not provide the type of notice of the claim to

---

[1]Although the title of Count IV refers to defendants, Maas is the only defendant named in Count IV.

which the defendant is entitled under Rule 8." St. John's, 2007 WL 2669403 at *7 (quoting Airborne, 499 F.3d at 667).

The well-pleaded allegations of the complaint must be taken as true and all reasonable inferences drawn in plaintiff's favor. Twombly, 127 S. Ct. at 1965; Erickson, 127 S. Ct. at 2200; Sims, 2007 WL 3036752 at *1; Pisciotta, 499 F.3d at 633; Caldwell v. Jones, ___ F. Supp. 2d ___, 2007 WL 2745702 *2 (N.D. Ind. Sept.19, 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S. Ct. at 1969; Caldwell, 2007 WL 2745702 at *2. As long as they are consistent with the allegations of the complaint, plaintiff may assert additional facts in his response to the motion to dismiss. Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000); Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Gershengorin v. Vienna Beef, Ltd., 2007 WL 2840476 *3 (N.D. Ill. Sept. 28, 2007).

Additionally, under federal pleading rules, plaintiff is not limited to nor bound by the legal characterizations of his claims contained in the complaint. A claim can survive as long as the facts alleged would support relief. Forseth, 199 F.3d at 368; Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999); LaRoe v. Cassens & Sons, Inc., 472 F. Supp. 2d

1041, 1047 (S.D. Ill. 2006). The legal basis for a claim, though, must be identified in response to a motion to dismiss and adequate argument made in support of an adequate claim being stated. Kirksey, 168 F.3d at 1041-42; Stransky v. Cummins Engine Co., 51 F.3d 1329, 1335 (7th Cir. 1995); Gilmore v. Southwestern Bell Mobile Systems, L.L.C., 224 F. Supp. 2d 1172, 1175 (N.D. Ill. 2002).

The First Amended Complaint contains minimal allegations concerning Maas. It is alleged that Maas is a Department of Corrections correctional officer who was acting under color of state law. Am. Compl. ¶ 7. There are no other allegations regarding Maas's employment responsibilities and knowledge other than what can be inferred from the specific incident that is the basis of Count IV.

It is alleged that meal trays for plaintiff's tier were placed next to garbage cans for pick-up and the meals were served uncovered. Id. ¶ 19. It is not alleged that Maas had any responsibility for preparing the meals. Neither is it alleged that Maas picked up the meal trays at the location next to the garbage cans. To the contrary, it is alleged that the detainees themselves picked up the meal trays. Id.

The entire allegations as to the specific incident are as follows.

> 20. On or about May 28, 2006, BASS, after picking up his meal tray, unknowingly consumed half of a cockroach that was in his food. He discovered what he had consumed when he saw the remaining half of the half-eaten bug on his tray.
> 21. Upon the discovery, he informed Correction Officer MAAS (Star No. 7738) of the cockroach. Officer MAAS simply stated that the cockroach was a "good source of protein" and failed to adequately address the situation. BASS suffered from diarrhea for approximately one month following this incident. All of BASS's ten fingernails turned black as well.
>
> * * *
>
> 48. The failure by Defendant MAAS to address BASS's concern after he swallowed half a cockroach with his meal, and state [sic] that cockroaches are a "good source of protein" forced BASS to endure conditions that exceeded contemporary bounds of decency in a mature, civilized society. Defendant MAAS's comment to BASS after the incident demonstrates his deliberate indifference toward his duty to provide BASS his basic human need for edible food.
> 49. Plaintiff further alleges that Defendant MAAS's conduct during this incident described in Paragraph 48 above amounted to punishment without due process of law in violation of the Fourteenth Amendment to the United States Constitution. Defendant MAAS subjected BASS to this deprivation of his constitutional rights under color of law.

In Count IV itself, plaintiff refers to a pretrial detainee's constitutional right not to be punished without due process of law, in particular, to be free from "a prison official's deliberate indifference toward their [sic] duty to provide Plaintiff adequate, habitable and sanitary living conditions." Am. Compl. ¶ 47. In response to the motion to

dismiss, plaintiff relies on the right to be provided humane conditions of confinement, specifically the right to adequate and edible food.

Plaintiff has the right to receive nutritionally adequate food. Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996); French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985). There is, however, no right to tasty or appetizing food. See Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994); Powell v. Kingston, 2005 WL 752233 *2 (W.D. Wis. March 29, 2005); Clay v. Rice, 2001 WL 1380526 *4 (N.D. Ill. Nov. 5, 2001). The food, though, must not present an immediate danger to the health and well being of the detainee. French, 777 F.2d at 1255; McGee v. Monahan, 2007 WL 2728756 *9 (N.D. Ill. Sept. 14, 2007). It will be assumed that the allegation that the food made plaintiff sick is a sufficient allegation that the food represented an immediate danger to plaintiff's health and therefore a potential violation of his due process rights. See Summers v. Sheahan, 883 F. Supp. 1163, 1170 (N.D. Ill. 1995). But see Williams v. Clark, 1999 WL 1018038 *2 (N.D. Ill. Nov. 2, 1999) (citing Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985)) (that food occasionally contains foreign objects does not state a constitutional deprivation).

But even assuming that serving plaintiff food with a cockroach violates his right to receive nutritionally sufficient food while detained, that does not mean that defendant Maas is responsible for the violation of plaintiff's right. Maas can only be liable if he was personally responsible for plaintiff's alleged deprivation. Zimmerman v. Tribble, 226 F.3d 568, 574 (7th Cir. 2000); Zentmyer v. Kendall County, Ill., 220 F.3d 805, 811 (7th Cir. 2000). There is no allegation that Maas prepared or even served the food. The only allegation is that Maas was informed about the problem after plaintiff had already eaten half a cockroach. Maas, therefore, cannot be held responsible for providing the unhealthy food. Plaintiff does allege that Maas failed to adequately address the situation after plaintiff informed him that he had eaten the cockroach. Plaintiff, however, does not identify any basis for finding Maas's subsequent conduct to be deliberately indifferent. Plaintiff does not allege that he subsequently received more unhealthy food that was knowingly provided by Maas. Plaintiff alleges he was thereafter sick, but he does not allege that Maas deliberately interfered with plaintiff's receipt of medical treatment or otherwise prevented plaintiff from receiving adequate treatment. Instead, the gist of plaintiff's claim in Count IV is that he received one unhealthy meal that caused him

to be sick for a month or more.  Since there is nothing to indicate or support that Maas was responsible for preparing or serving that food, Maas cannot be personally responsible for any deprivation that occurred.  Cf. Williams, 1999 WL 1018038 at *2; Summers, 883 F. Supp. at 1170.  Count IV will be dismissed.

IT IS THEREFORE ORDERED that defendant Maas's motion to dismiss [82] is granted.  Count IV of the First Amended Complaint is dismissed and defendant Maas is dismissed from this action.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 8, 2007